UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,
Plaintiff,

-v-

Y.P. and M.P., individually and on behalf of B.P., a minor,
Defendants.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S AFFIDAVITS/
AFFIRMATIONS AND SHORT-
FORM SUMMARY OF
GROUNDS FOR DISMISSAL

Dear Honorable Court:

**Response to Plaintiff's Affidavits/Affirmations.** This letter is submitted solely in direct response to Plaintiff/ DOE's affidavits, affirmations, and related correspondence concerning purported service, notice, and the efforts allegedly made to serve Defendants. Defendants' position is not merely that service was untimely or technically defective: Defendants state that service of the Summons and Complaint was never performed at all. Neither Defendant was served. Defendants dispute Plaintiff's submissions to the extent they suggest otherwise or suggest that the Court's notice requirements were satisfied.

**Limited Purpose / No Waiver.** This submission is made solely to respond to Plaintiff's affidavits, affirmations, and related correspondence, to advise the Court that Defendants have not been served with the Summons and Complaint, and to summarize why Defendants believe dismissal is warranted. It is not intended as a general appearance, acceptance or waiver of service, consent to personal jurisdiction, or waiver of any defense, including defenses under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), or 4(m). Defendants expressly reserve all rights and defenses.

**Supporting Documentation / Motion Not Submitted. Defendants possess documentation supporting the factual and procedural assertions made in this letter. Defendants have intentionally not submitted a motion to dismiss with supporting exhibits, attachments, and evidentiary materials because they are concerned that filing such a motion could be construed as an appearance or otherwise be argued to affect their objections to service and personal jurisdiction. This limited response to Plaintiff's affidavits, affirmations, and correspondence is not intended to constitute an appearance, acceptance or waiver of service, consent to personal jurisdiction, or relinquishment of any right, objection, or defense. Defendants expressly reserve all such rights and defenses.**

**Request for Confidential Treatment.** Because this action concerns a minor student and the facts relevant to this submission include confidential educational, medical, disability, pregnancy, and family information, Defendants respectfully request permission to file this submission and any supporting materials under seal, or alternatively to file appropriately redacted public versions and unredacted versions under seal, subject to the Court's rules and direction.

## 1. Defendants were never served.

Neither Y.P. nor M.P. was ever served with the Summons and Complaint, and neither has waived service. Defendants emphasize that this is not a contention that completed service was merely untimely, defective, or technically improper; rather, Defendants state that service was never accomplished at all. Once service is challenged, Plaintiff bears the burden of establishing valid service. See Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005). Defendants also state that no mailing containing the Summons and Complaint was received. Nothing in this letter constitutes acceptance or acknowledgment of service.

## 2. The Rule 4(m) period expired without service, and Plaintiff's later documented attempt was unsuccessful.

The Complaint was filed April 27, 2026. The ninetieth day fell on Sunday, July 26, 2026, making Monday, July 27, 2026 the next business-day deadline under Rule 6(a). Plaintiff's process server's own affirmation identifies a physical service attempt on August 5, 2026 at 12:29 p.m. and states that service was not completed because the server believed a unit number was missing. That August 5 attempt itself therefore did not result in service. Defendants state that no service occurred before the deadline, on August 5, or at any time thereafter.

## 3. Plaintiff also failed to provide timely notice under the Court's June 26 scheduling direction.

Defendants understand that on June 26, 2026, Magistrate Judge Henry directed Plaintiff to ensure Defendants were aware of the August 10 conference by serving the Scheduling Order and summary docket sheet and filing proof by July 6, 2026. Defendants state they were not notified by that date. Plaintiff's own

declaration states that counsel instead sent the Order and summary docket sheet by first-class mail to Defendants at 141-21 Jewel Avenue. Defendants did not receive that mailing. Defendants further submit that, to the extent the Court's direction required notice through Defendants' counsel, mailing papers directly to the residence did not satisfy that requirement. At the time, Plaintiff believed Lauren Baum, Esq., who had previously represented Defendants in the underlying administrative proceedings, was Defendants' counsel. Yet, according to Defendants and Defendants' former counsel, Plaintiff did not contact Ms. Baum until August 3, 2026 - after both the July 6 notice date and the July 27 Rule 4(m) service deadline.

**4. Plaintiff's August 3 email confirms that service had not been accomplished.**

According to Defendants, on August 3, 2026, Plaintiff's counsel emailed Lauren Baum, Esq., Defendants' former counsel in the administrative IDEA proceedings, asking whether she represented Defendants in the federal action and whether she could accept service. Ms. Baum advised that she did not represent Defendants in this action and could not accept service. Defendants further understand from Plaintiff's counsel's affirmation that August 3 was the first and only time Plaintiff contacted Ms. Baum concerning this federal action. That contact occurred after all applicable dates identified above. The substance of the August 3 email also confirms that Plaintiff understood service had not yet been accomplished, because counsel was still asking whether former counsel could accept service. The August 3 inquiry itself did not effect service.

**5. The "missing apartment number" explanation does not reasonably account for the failure to serve.**

The property at 141-21 Jewel Avenue contains two residential units and a separate dental office. Although there are two exterior doors visible at the premises, only one is a residential entrance. The other is the separate entrance to the dental office and is unrelated to the residential units. The single residential front entrance serves both residential units, and both units are occupied by Defendants' family. Thus, the existence of a separate commercial entrance did not create two competing residential entrances or make the residence inaccessible.

**6. The address was routinely sufficient without a unit designation.**

Defendants regularly receive U.S. mail addressed simply to 141-21 Jewel Avenue, as well as mail using apartment designations such as 1, 2, A, or B, and state that mail reaches them regardless of the unit notation. DOE communications during the underlying administrative proceedings likewise used 141-21 Jewel Avenue without a unit designation. Defendants nevertheless received no mailed Summons and Complaint or other DOE mailing relating to service in this federal action.

**7. Plaintiff had multiple means to locate and contact Defendants.**

The administrative record included Defendants' residential address, telephone number, and email address. Plaintiff therefore had multiple means to locate or contact Defendants before expiration of the service period. Yet the process server's affirmation identifies only the August 5 attempt and states that service could not be effected because a unit number was supposedly missing.

**8. Defendants were home and readily available for service during most of the relevant period.**

Defendant M.P. is disabled and, during the relevant period, was experiencing a difficult high-risk pregnancy that substantially limited her ability to leave the residence, leaving her homebound or at home the substantial majority of the time. Defendant Y.P. works from home most of the time and is also frequently home to assist with the children and other family needs. Both Defendants were therefore present at the residence for the majority of the relevant period, and the residential entrance was readily accessible. These circumstances further undermine any suggestion that Defendants could not reasonably have been located and served through diligent, timely efforts.

**9. Plaintiff's request for additional time should be denied; the equities favor dismissal.**

Plaintiff has now filed a motion seeking additional time to file an affirmation of service. Defendants respectfully submit that additional time should not be granted. Plaintiff had the full service period, as well as the earlier notice dates described above, to locate and serve Defendants, yet Defendants state that service was never accomplished. The facts summarized in this letter explain why further time would be unfair and unjust to Defendants rather than a cure for a missed deadline. Plaintiff is a governmental litigant represented by experienced counsel, while Defendants are self-represented parents carrying substantial caregiving responsibilities, including five children, two with disabilities, a disabled spouse experiencing a high-risk pregnancy, two brothers with cancer, one terminally ill with brain tumors, and an elderly ill father. Defendants have also already endured years of administrative and related litigation in an effort to obtain services they maintain their child needs and is legally entitled to under applicable New York and federal law, as well as reimbursement for those services. Defendants respectfully submit that allowing still more time after service was never accomplished would prolong that burden and further delay resolution of matters affecting their child's services and reimbursement. The consequences of Plaintiff's failure to timely effect service should not

be shifted to Defendants through an after-the-fact extension absent a legally sufficient basis. See Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007).

**10. Dismissal is warranted because Defendants were never served.**

Service of process is the mechanism by which a federal court acquires personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Defendants maintain that neither Defendant was ever served with the Summons and Complaint. Plaintiff's own documented August 5 physical attempt was unsuccessful and occurred only after the service period had expired. This is therefore not merely a claim of late or defective completed service; Defendants' position is that service never occurred at all. Defendants respectfully submit that the record described above warrants dismissal under Rules 12(b)(2), 12(b)(5), and 4(m), together with such other relief as the Court deems just and proper.

Request for Guidance Only If Further Motion Practice Is Necessary. If the Court, in its discretion, determines that this response and the present record are sufficient to dismiss the case, Defendants are satisfied with that disposition and do not request leave to submit a motion to dismiss or additional supporting materials. If, however, the Court determines that a further submission is necessary before dismissal can be considered, Defendants respectfully ask the Court to advise whether filing a motion to dismiss, with supporting exhibits and documentation, would be considered a general appearance or would otherwise affect Defendants' preserved objections to service and personal jurisdiction. If the Court advises that such a filing would not constitute an appearance or waive any preserved right or defense, Defendants would then request permission to submit the motion and supporting documentation. Any such future motion would be submitted only if the Court indicates that it may be filed without prejudice to Defendants' jurisdictional and service objections.

Pro Se Office Inquiry. Defendants sought guidance from the Court's Pro Se Office regarding whether filing the motion to dismiss they would otherwise wish to present would itself be considered an appearance or otherwise affect their objections to service or personal jurisdiction. Defendants were advised that the Pro Se Office could not answer that question. Defendants were, however, informed that responding to Plaintiff's letters would not be considered an appearance so long as Defendants expressly stated in their response that the submission was not intended as an appearance and did not waive their rights. That is why Defendants have included those express reservations throughout this letter. This filing is a response to Plaintiff's affidavits, affirmations, and related correspondence. If the Court concludes that this response itself provides a sufficient basis to dismiss the case, Defendants do not seek further motion practice. Only if the Court requires a motion to dismiss do Defendants respectfully request guidance regarding whether they may file one without it being deemed an appearance or waiver.

## RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court reject Plaintiff's affidavits and declarations insofar as they are offered to suggest that service was ever accomplished; find that neither Defendant was ever served with the Summons and Complaint; deny Plaintiff's request for an extension of time and decline to grant Plaintiff any additional time to serve Defendants; and dismiss this case in its entirety because service was never accomplished upon either Defendant, including pursuant to Rules 12(b)(2), 12(b)(5), and 4(m). Defendants also request appropriate confidential or sealed treatment for filings containing information concerning the minor and sensitive family matters. If the Court determines that a formal motion is required before dismissal may be considered, Defendants respectfully request the guidance described above before undertaking any motion practice.

## AFFIRMATION UNDER PENALTY OF PERJURY

Defendants Y.P. and M.P. declare under penalty of perjury that the factual statements set forth in this letter are true and correct to the best of their knowledge, information, and belief.

Respectfully submitted,

Dated: August 10, 2026

_____
Y.P., Pro Se Defendant

_____
M.P., Pro Se Defendant